[No. 29695. *En Banc.* March 4, 1947.]

MARION B. SERRA *et al.*, *Appellants*, v. THE NATIONAL BANK OF COMMERCE OF SEATTLE *et al.*, *Respondents*.[1]

*Monheimer, Schermer & Mifflin,* for appellants.

*Mifflin & Mifflin,* for respondents Swendsen.

PER CURIAM.—This appeal was first heard by a Department of the court. Due to a sharp division of opinion among the judges who heard the argument and also to the importance of some of the legal points involved, the cause was, on the court's own motion, set for rehearing *En Banc,* and was so heard on September 5, 1946. Unfortunately, one of the judges was disqualified, and the argument was heard by eight judges, who, after a lengthy consultation, divided four to four.

The general rule is that a judgment or decree will be affirmed when an appellate court is equally divided as to affirmance or reversal. See 5 C. J. S. 1315-1316, where hundreds of cases are cited, and among them our own decisions

[1]Reported in 178 P. (2d) 303.

in *Peterson v. Tacoma,* 139 Wash. 313, 246 Pac. 944; *State v. Alfred* (manslaughter), 145 Wash. 696, 260 Pac. 1073; *Edwards v. Carroll,* 163 Wash. 704, 300 Pac. 1048; *Clise v. Carroll,* 163 Wash. 704, 300 Pac. 1047; *Bloss v. Equitable Life Assur. Society,* 176 Wash. 1, 22, 28 P. (2d) 303, 33 P. (2d) 375. This list is by no means exhaustive. We quote the Per Curiam opinion filed in the two *Carroll* cases:

"PER CURIAM.—One of the judges of this court being incapacitated and absent on account of illness, this case was argued to the remaining eight judges sitting *En Banc.* These eight judges are divided in their opinions and there is no majority either for affirmance or for reversal.

"Therefore the judgment of the lower court stands affirmed."

The general rule that a judgment or decree will be affirmed when the appellate court is equally divided is, however, not inflexible. The course to be followed in such a situation is wholly within the discretion of the court. Where there has been a change or changes in the personnel of the court, deadlocked cases have been set for further argument on the court's own motion, in the hope that a decision on the merits could be arrived at. See 3 Am. Jur. 671, § 1160. That was the actual condition in the instant case. It was, accordingly, set for a second *En Banc* hearing on February 25, 1947, and was then again heard by eight judges, three of whom heard the argument on that date for the third time, three for the second time, and the two others for the first time. Again, the judges divided four to four.

At present, no change in the personnel of the court is in prospect. It is deemed expedient to bring an end to this litigation, both in the interest of the public and of the parties thereto. The cause will be remanded to the superior court of King county. The judgment appealed from will stand affirmed. No costs will be taxed in this court in favor of any of the parties to this appeal.

It is so ordered.